**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

GREGORY MCKEITH SMITH,                                                      PLAINTIFF
ADC #099032

v.                                                  4:21CV00074-LPR-JTK

TIM RYALS                                                                   DEFENDANT

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

**<u>INSTRUCTIONS</u>**

The following recommended disposition has been sent to United States District Judge Lee

P. Rudofsky.   Any party may serve and file written objections to this recommendation. Objections

should be specific and should include the factual or legal basis for the objection.   If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

I.    **Introduction**

Gregory McKeith Smith ("Plaintiff") currently is incarcerated at the Cummins Unit of the Arkansas Division of Correction.   Plaintiff's claims in this case arise from his time at the Faulkner County Detention Center.   (Doc. Nos. 2, 5).   Plaintiff sued Faulkner County Sheriff Tim Ryals making allegations that raise claims of deliberate indifference to serious medical needs and conditions of confinement.   (Doc. No. 5).

On December 6, 2021, Defendant Ryals filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts on the merits of Plaintiff's claims. (Doc. Nos. 20-22).   Because Plaintiff had not responded, on December 27, 2021 the Court directed Plaintiff to file a response within 15 days.   (Doc. No. 23).   The Order cautioned Plaintiff that if he did not file a response, all of the facts set forth in Defendant Ryals's summary judgment papers could be deemed admitted, among other possible consequences.   (Id. at 1-2.)   To date, Plaintiff still has not filed a response and the time for doing so has passed.   After careful consideration, and for the reasons set out below, the Court recommends Defendant Ryals's Motion be granted.

## II.    Plaintiff's Complaint

Plaintiff sued Defendant Ryals in his personal and official capacities.   (Doc. No. 5).
Plaintiff alleged that he was booked into the Faulkner County Detention Center on July 4, 2020,
but he was not given a Covid-19 test at that time and his temperature was not taken.   (Id. at 4).
On July 7, 2020, all inmates at the Detention Center were tested for Covid-19, and around nine
inmates tested positive.   (Id.).   On September 10, 2020, inmates were retested.   (Id. at 6).
Plaintiff tested positive, along with 33 other men.   (Id.).   Plaintiff complains that after going
through the Detention Center's "bogus quarantine system," masks were not given out.   (Id.).
Plaintiff alleges Defendant Ryals "refused to retested," failed to socially distance inmates, and had
no special cleaning to contain the spread of Covid-19.   (Doc. No. 5 at 6).   Plaintiff maintains that
Defendant Ryals was responsible for "the safety of all inmates to prevent the spread" of Covid-19.
(Id. at 7).   Plaintiff seeks damages.   (Id. at 5).

## III.    Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows
that there is no genuine issue of material fact and the moving party is entitled to judgment as a
matter of law.   See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party
bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, which it believes
demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144
F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other
citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot
simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth
specific facts showing that there is a genuine issue for trial.'"   Id. at 1135.   Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."    Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.    Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.    Facts and Analysis

As an initial matter, Plaintiff has not responded to Defendant Ryals's Motion for Summary Judgment.    "All material facts set forth in the statement [of undisputed material facts] filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."    Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.    Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).    Because Plaintiff has filed no response, all facts set out in Defendant Ryals's Statement of Facts (Doc. No. 22) are deemed admitted.    The relevant facts follow.

Upon incarceration, inmates at the Faulkner County Detention Center were quarantined for seven days and received regular temperature checks from the medical staff.    (Doc. No. 22 at ¶ 1; Doc. No. 22-1 at ¶ 4).    After seven days of quarantine, inmates were placed in a cell.    (Doc. No. 22 at ¶ 2; Doc. No. 22-1 at ¶ 5).    During incarceration, if an inmate showed Covid-19 symptoms, the inmate would be tested for the virus and separated from the general population until the results

of the test were received.   (Doc. No. 22 at ¶ 3; Doc. No. 22-1 at ¶ 6).   Inmates with a positive test result were quarantined for the time period recommended by the CDC.   (Doc. No. 22 at ¶ 4; Doc. No. 22-1 at ¶ 7).   All Faulkner County Detention Center officers wore masks during Plaintiff's incarceration in 2020.   (Doc. No. 22 at ¶ 5; Doc. No. 22-1 at ¶ 8).   Inmates were issued masks when incarcerated in summer 2020.   (Doc. No. 22 at ¶ 6; Doc. No. 22-1 at ¶ 9).   Social distancing among inmates was encouraged when possible.   (Doc. No. 22 at ¶ 7; Doc. No. 22-1 at ¶ 10).

Defendant Ryals had no involvement with Plaintiff during Plaintiff's incarceration at the Detention Center.   (Doc. No. 22 at ¶ 8; Doc. No. 22-4 at ¶ 2).   According to Plaintiff's deposition testimony, Plaintiff never spoke with Defendant Ryals during his incarceration at the Detention Center.   (Doc. No. 22 at ¶ 9; Doc. No. 22-5 at 21:20-22).   Plaintiff tested positive for Covid-19 on September 17, 2020.   (Doc. No. 22 at ¶ 10; Doc. No. 22-3 at 2).   After testing positive, Plaintiff was quarantined for 14 days.   (Doc. No. 22 at ¶ 11; Doc. No. 22-1 at ¶ 7; Doc. No. 22-5 at 22:18-24:13).   Plaintiff testified at his deposition that he did not experience severe Covid-19 symptoms.   (Doc. No. 22 at ¶ 12; Doc. No. 22-5 at 21:9-24:13).

### A.    Personal Capacity Claims—Conditions of Confinement and Deliberate Indifference to Serious Medical Needs

Plaintiff identified himself as a pretrial detainee at the time of the events giving rise to this lawsuit.   (Doc. No. 5 at 3).   Plaintiff's allegations raise conditions of confinement and deliberate indifference to serious medical needs claims.

### 1.    Conditions of Confinement

The Court notes that Defendant Ryals did not address this claim separately in his summary judgment papers.   Because Defendant Ryals seeks summary judgment on Plaintiff's claims otherwise, the Court will address this claim, as well.

A pretrial detainee's conditions of confinement claim is governed by the standard set out by the United States Supreme Court in <u>Bell v. Wolfish</u>. 441 U.S. 520 (1979).   <u>Stearns v. Inmate Services Corp</u>., 957 F.3d 902, 907 (8th Cir. 2020).   As set out in <u>Bell</u>, "the proper inquiry is whether [the] conditions amount to punishment of the detainee."   <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979).   The government "may subject [pretrial detainees] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." <u>Id</u>. at 536-37.

There are two ways a pretrial detainee may demonstrate the conditions of his confinement amount to punishment. First, a plaintiff can establish the conditions were intended to be punitive. <u>Id</u>. at 538.   In the alternative, a plaintiff may demonstrate that the conditions were not reasonably related to a legitimate governmental purpose, or the conditions were excessive in relation to that purpose. <u>Id</u>. at 538-39. If the conditions were arbitrary or excessive, courts may "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." <u>Id</u>. at 539.

Plaintiff maintains Defendant Ryals did not take sufficient measures to contain the spread of Covid-19 among inmates, resulting in dangerous conditions of confinement.   Defendant Ryals has presented evidence that inmates were quarantined upon booking, tested if they presented Covid-19 symptoms, quarantined until the test results were received, if Covid-19 positive quarantined for the amount of time recommended by the CDC, socially distanced when possible, officers working at the Detention Center were masked, and inmates were issued masks when incarcerated in summer 2020.

When a defendant seeks qualified immunity at the summary judgment stage, as Defendant Ryals does here (Doc. No. 21 at 7), the plaintiff must come forward with evidence creating a

genuine issue of fact as to whether the defendant violated clearly established law.   See <u>Johnson v. Fankell</u>, 520 U.S. 911, 915 (1997).   This Plaintiff has not done.   Covid-19 was novel in summer 2020, and Plaintiff has not shown that Defendant Ryals violated clearly established law with the protocols in place at the Detention Center.   Considering that Defendant Ryals's material facts, and considering Plaintiff's lack of response, the Court finds that even if there was a violation, Defendant Ryals is entitled to qualified immunity.   <u>Pearson v. Callahan</u>, 555 U.S. 223, 232 (2009); <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

### 2.    Deliberate Indifference to Serious Medical Needs

Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. <u>Ivey v. Audrain County, Missouri</u>, 968 F.3d 845, 848 (8th Cir. 2020).   To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. <u>See Id</u>.   "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs."   <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1239 (8th Cir. 1997).   "Mere negligence is not sufficient to support a cause of action under § 1983."   <u>Davis v. Hall</u>, 992 F.2d 151, 153 (8th Cir. 1993).

Defendant Ryals and Plaintiff agree that Plaintiff had no contact with Defendant Ryals while Plaintiff was incarcerated.   (Doc. No. 22-4 at ¶ 2; Doc. No. 22-5 at 21:20-22).   Nothing in the record indicates Defendant Ryals had any knowledge of Plaintiff's medical needs, or ignored those needs.   As such, summary judgment in Defendant Ryals's favor should be granted on Plaintiff's deliberate indifference to medical needs claim.

### B.    Official Capacity Claims

Plaintiff sued Defendant Ryals in his personal and official capacities.  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendant Ryals are the equivalent of claims against Faulkner County.  To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury.  Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).

The Court acknowledges Plaintiff's Amended Complaint attempts to establish a policy or practice – that the Detention Center had a custom of failing to take proper precautions against the spread of Covid-19 among inmates.  (Doc. No. 5).  Defendant Ryals has presented evidence that inmates were quarantined upon booking, tested if they presented Covid-19 symptoms, quarantined until the test results were received, quarantined for the amount of time recommended by the CDC if Covid-19 positive, socially distanced when possible, officers working at the Detention Center were masked, and inmates were issued masks when incarcerated in summer 2020.  Plaintiff has not come forward with evidence to dispute these material facts and has not established that the precautions were insufficient.  Accordingly, summary judgment on Plaintiff's official capacity claim is appropriate

### C.    No Material Facts in Dispute

Plaintiff has not controverted any of the material facts presented by Defendant Ryals. Where, as here, Defendant Ryals has moved for summary judgment, Plaintiff "was required 'to

discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted).  Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude summary judgment in Defendant Ryals's favor.   Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Accordingly, Defendant Ryals's Motion should be granted.

## V.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendant Ryals's Motion for Summary Judgment (Doc. No. 20) be GRANTED;

2.    Plaintiff's Complaint, as amended (Doc. No. 5), be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 13th day of January, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE